**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDDIE BATTS, JR, #30778-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-1695-N-BK** |
| | § | **(CRIMINAL NO. 3:03-CR-158-N-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for judicial screening. Upon review of the relevant pleadings and applicable law, the section 2255 motion should be summarily **DISMISSED WITH PREJUDICE** as time barred.

## I. BACKGROUND

Petitioner pled guilty to possessing cocaine base with intent to distribute and possessing a firearm in furtherance of a drug trafficking crime, and, in January 2004, was sentenced to a combined imprisonment term of 262 months. Crim. Doc. 30. He did not pursue a direct appeal and, in 2008, the Court subsequently denied his motion to reduce sentence under Sentencing Guidelines Amendment 706 because he was sentenced under the career offender, rather than drug trafficking, Guidelines provisions. Crim. Doc. 36.

In the motion *sub judice*, Petitioner challenges his career-offender enhancement under the holdings of *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), and *Hinkle v. United*

*States,* 832 F.3d 569 (5th Cir. 2016).[1]  Doc. 2 at 9-11; Doc. 3 at 5  He also cites as support the recent holding in *United States v. Zuniga,* ___ F.3d ___, 2017 WL 2562904 *6-8 (5th Cir. Jun. 14, 2017) (appellant did not forfeit his claim under *Mathis* and *Hinkle* by failing to raise it in his opening brief).  *Id.*  He contends that his prior Texas drug offense does not qualify as a serious controlled substance offense under the career offender provisions of the Sentencing Guidelines (U.S.S.G. § 4B1.2) and argues that his section 2255 motion is timely filed under 28 U.S.C. § 2255(f)(4).  Doc. 3 at 5-9.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.[2]  *See* 28 U.S.C. § 2255(f); *also c.f. Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

### A.  Limitations

Petitioner's section 2255 motion is clearly untimely.  More than 13 years elapsed between the date his conviction first became final in 2004 and when he filed the motion *sub*

---

[1] In 2016, Petitioner sought section 2255 relief based on the holding in *Johnson v. United States*, ___ U.S. ___,135 S. Ct. 2551 (2015), also citing *Mathis* and *Hinkle*.  *See Batts v. United States*, No. 3:16-CV-1555-N-BK (N.D. Tex. 2016).  However, while the undersigned's recommendation for dismissal of the action as untimely was pending, Petitioner filed a notice of voluntary dismissal under FED. R. CIV. P. 41(a)(1), upon which the action was terminated. Civ. Doc. 9; Civ. Doc. 14; Civ. Doc. 15.

[2] The 14-day statutory objection period will provide Petitioner an opportunity to respond.

*judice* on June 27, 2017.[3]  *See* 28 U.S.C. §2255(f)(1); *Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal). However, to the extent Petitioner relies on 28 U.S.C. § 2255(f)(4) and the holdings in *Mathis* or *Hinkle* to overcome the one-year limitations period in section 2255(f)(1), that reliance is misplaced.[4]  Doc. 3 at 5, 9.

Petitioner apparently argues that the statute of limitations did not begin to run until the issuance of the opinions in *Mathis* and *Hinkle*, on June 23, 2016 and August 11, 2016, respectively.  However, the one-year limitations period is calculated from "the date on which the <u>facts</u> supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4) (emphasis added).  Insofar as Petitioner suggests that the operative facts under section 2255(f)(4) include court rulings and the legal consequence of those rulings, he is mistaken.  "[T]he issuance of a new court opinion is not a newly-discovered fact under section 2255(f)(4)."  *Martinez v. United States*,  3:14–CV–1359–L-BK, 2014 WL 3361748 *3 (N.D. Tex. July 9, 2014) (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (section 2255(f)(4) "is directed at the discovery of new facts, not newly-discovered

---

[3] Although not docketed until June 27, 2017, Petitioner's section 2255 motion is deemed filed on June 20, 2017, the date Petitioner certified under penalty of perjury that he executed the motion and deposited it in the prison mail system.  Doc. 2 at 19.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

[4] In his brief in support, Petitioner relies only on section 2255(f)(4).  *See* Doc. 3 at 5, 9. Nonetheless, sections 2255(f)(2) and (3) are also inapplicable.  Petitioner has not premised his claims on a government-created impediment and *Mathis* did not set forth a new rule of constitutional law made retroactive to cases on collateral review.  *Mathis*, 136 S. Ct. at 2257. Moreover, in *Hinkle* the appellate court applied the holding in *Mathis* only in the context of a direct appeal rather than a habeas action.  *Hinkle*, 832 F.3d at 574-577.

law")).

Consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling is warranted.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). *See also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016) ("reaffirm[ing] that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control"); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("'[E]quity is not intended for those who sleep on their rights'") (quoting *Covey v. Arkansas River Co*., 865 F.2d 660, 662 (5th Cir. 1989).

Moreover, neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Thus, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### C.  Actual Innocence

Moreover, despite the fact that he pled guilty, Petitioner asserts that he "is actually innocent of the career offender designation."  Doc. 3 at 6.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has

elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ___ U.S.

___, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present

new evidence in support of his claim and "'show that it is more likely than not that no reasonable

juror would have convicted him in the light of the new evidence.'"  *Id.* at 1935 (quoting *Schlup*

*v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner presents no newly discovered evidence that would

undermine this Court's confidence regarding the finding of guilt.  He only challenges the legality

of the determination that he is a career offender.  However, "actual innocence jurisprudence

'does not apply to habeas claims based on actual innocence of a sentence.'" *Denman v. United*

*States*, No. 3:16-CV-1188-G-BK, 2016 WL 3752969 *2 (N.D. Tex. 2016) (quoting *United States*

*v. Jones,* 758 F.3d 579, 587 (4th Cir. 2014) (addressing claim in context of time barred section

2255 motion)), recommendation accepted, 2016 WL 3670073 (N.D. Tex. Jul. 11, 2016),

*certificate of appealability denied,* No. 16-11201 (5th Cir. 2016).  *See also* Abdul Ali v. Carvajal,

654 F. App'x 172, 173 (5th Cir. 2016) (collecting cases holding that challenges to the validity of

a sentencing enhancement do not satisfy the savings clause of section 2255).

### D. Alternative Requests for Relief

Petitioner suggests that, in the alternative, his section 2255 motion be construed as

seeking habeas relief under 28 U.S.C. § 2241.  Doc. 3 at 6.  However, to entertain a habeas

corpus petition pursuant to section 2241, the Court must have jurisdiction over the prisoner or his

custodian.  *Lee v. Wetzel*, 244 F.3d 370, 373-375 (5th Cir. 2001) (the district of incarceration is

the only district that has jurisdiction to entertain a section 2241 habeas petition).  At present,

Petitioner is incarcerated at La Tuna FCI in El Paso County, Texas, which lies within the

boundaries of the Western District of Texas.  28 U.S.C. § 124(d)(3).  Thus, this Court lacks

jurisdiction to entertain his section 2241 habeas corpus petition.

Additionally, insofar as Petitioner moves for a reduction of sentence under Amendment 782 (the 2014 Drug Guidelines Amendment), his request is cognizable only under 18 U.S.C. § 3582(c)(2). Doc. 2 at 11-12, 19. Lastly, Petitioner cites to 28 U.S.C. §§ 2244(b)(3) and 2255(h), the provisions governing successive section 2255 applications. Doc. 3 at 9. However, because Petitioner voluntarily dismissed his first application, as noted *infra*, this section 2255 motion is not successive.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[5]

**SIGNED** July 11, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Page **6** of **7**

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE